## McCoy, et al. v. Mud Lick Coal Company.

(Decided November 13, 1925.)

### Appeal from Pike Circuit Court.

1. Guardian and Ward—Defects in Mining Leases Given by Infant and His Guardian Held Cured by Ratification After Maturity.—Defects in mining lease given by infant, and subsequent lease made by guardian under authority of Kentucky Statutes, sections 2031a-1, 2031a-6, for 45 years, in alleged violation of section 2031a-2, held cured by infant's signature and acknowledgment of paper ratifying and confirming such leases after he became of age.

2. Vendor and Purchaser—Title of Purchasers of Land Held Subject to Prior Rights of Lessee to Erect Buildings and Dump Refuse on Premises.—Purchasers of land from infant, after mining leases executed by latter and his guardian and subsequently ratified by former were recorded, were charged with notice of their contents, and took title subject to lessees' prior rights thereunder to erect houses and buildings and dump refuse on premises.

3. Quieting Title—Right of Purchasers of Land to Royalties on Coal Mined by Lessees Not Considered in Action Against Latter to Quiet Title.—Whether purchasers of land, after mining leases given by vendor were recorded, are entitled to share of royalties for coal mined by lessee cannot be considered in their action against lessees to quiet title; that being question between them and vendor.

J. C. CANTRELL and G. R. BLACKBURN, JR., for appellants.

MOORE & CHILDERS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The appellants, whom we will call plaintiffs, began
this action against the appellee and W. M. York, to re-
move an alleged cloud from their title. They were un-
successful in the trial court and have appealed. By deed
dated February 2, 1924, and of record in deed book 75,
page 230, in the office of the clerk of the Pike county
court, LeRoy Runyon, then an infant, acquired title to a
tract of land which it appears contains twenty-seven
acres. On May 3, 1917, LeRoy Runyon—while an infant
—gave a very elaborate coal and mining lease to W. M.
York. In the descriptive part of this lease, the premises
are described as acquired under deed dated February 2,
1914, and of record in deed book 75, at page 230, in the
Pike county clerk's office, though stated to contain 21.44
acres. This lease was on November 24, 1917, recorded in
Pike county, deed book 91, at page 280, and this lease
was by York transferred to the Mud Lick Coal Company.

On April 1, 1918, Dr. John B. Maynard, as guardian
of LeRoy Runyon, gave a still more elaborate lease on
these premises to the Mud Lick Coal Company, the prem-
ises being again described by reference to the deed by
which title was acquired, and to its date, and the book
and page where it is recorded; but in this deed the
premises were stated to contain forty acres, more or less.
This lease was recorded in Pike county, deed book 92,
page 101, on April 3, 1918. The lease was made under
the authority of chapter 116 of the laws of Kentucky
for 1918, same being now section 2031a-1-6 of the statutes.
Dr. Maynard undertook to make a lease for forty-five
years. It is insisted that because of section 2031a-2, this
was an effort on his part to make a lease beyond the time
when the infancy of LeRoy Runyon would be at an end,
and that therefore the lease was void. However, on Octo-
ber 6, 1918, LeRoy Runyon became of age and on the
next day he signed and acknowledged a paper ratifying
and confirming these two leases and referring to the
books and pages where they are recorded, and this rati-
fication was on October 15, 1918, duly recorded in Pike
county deed book 94 at page 198. When LeRoy Runyon
signed and acknowledged this paper containing refer-
ence to these two leases, the one executed by him when
an infant, and the one executed by his guardian, the effect
was the same as if those two leases had been written out

at length in the article which he then signed and which was subsequently recorded.

Among the rights which the Mud Lick Coal Company acquired by these leases was the right to erect houses and buildings on the premises, and to dump on the premises refuse produced in their mining operations. On April 15, 1918, the plaintiffs bought from LeRoy Runyon six acres of the level part of this land. Soon the Mud Lick Coal Company started to erect a barn on a portion of this level land, to which the plaintiffs objected and this suit resulted. The trial court properly sustained the Mud Lick Company in the enjoyment of its rights given it under these leases, as the paper executed on October 7, 1918, cured all defects in the two previous leases. These three instruments were of record at the time the plaintiffs made their purchase, and the plaintiffs were charged with notice of their contents. They bought from Runyon with those records before them, and necessarily took title to their premises, subject to these prior and therefore superior rights of the Mud Lick Coal Company. Even a perfunctory examination of the records when they bought from Runyon, would have disclosed to plaintiffs all that Runyon had the right to sell them. The plaintiffs are also contending that they are entitled to 6/27 of the royalties for the coal mined from this twenty-seven acres, but that is a question between the plaintiffs and LeRoy Runyon, and is not before us now.

The judgment of the trial court being in accord with this opinion, it is affirmed.